WIGGINS, Circuit Judge,
concurring in the judgment:
While I concur in the result reached by the panel and agree with much of the reasoning, I write separately to express my disagreement with the majority’s decision regarding the standard of proof to be ap *1528 plied in determining the quantity of drugs for sentencing purposes.
In this case, the majority would condone a seven fold increase in the sentence of Harrison-Philpot if it can be shown by a preponderance of the evidence- that the quantity of drugs involved in the conspiracy was sufficient to raise the offense level from 16 to 34 under U.S.S.G. § 2Dl.l(c). Because I believe that due process requires application of a higher standard of proof than a mere preponderance of the evidence in such circumstances, I cannot join in the majority’s opinion.
The majority recognizes that this court’s decision in Restrepo “left open the possibility” that “due process might require heightened procedural protections” “if a case involved a severe penalty enhancement.” . See supra (emphasis added). They also indicate, citing Restrepo, that the Supreme Court has recognized “that there may be an exception to the general rule that the preponderance standard satisfies due process when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction.” See supra (quoting Restrepo,. 903 F.2d at 659) (emphasis added). Having made these concessions, however, the majority asserts that “close examination” shows that the preponderance standard should apply in this case despite the fact that a sentencing factor increased Harrison-Philpott’s criminal sentence from a maximum of 51 months to an actual sentence of 352 months.
In essence, the majority argues that there is a constitutionally significant reason for applying the due process clause differently to U.S.S.G. § 21D.l(c) than to 18 U.S.C. §'3553 and U.S.S.G. § 1B1.3. For example, the majority would apply or at least consider applying a clear and convincing standard to a severe increase in a sentence based on a sentencing enhancement for uncharged criminal conduct pursuant to U.S.S.G. § 1B1.3. Likewise, they would apply or at least consider applying a clear and convincing standard to a severe increase in a sentence resulting from a departure from the sentencing guidelines based on uncharged criminal conduct pursuant to 18 U.S.C. § 3553(b). They conclude, however, that the preponderance standard is adequate when a severe increase in a sentence can be attributed to a drug quantity determination affecting the offense level for sentencing purposes pursuant to U.S.S.G. § 2Dl.l(c). Simply stated the majority’s due process distinctions are unjustifiable.
In U.S. v. Townley, 929 F.2d 365 (8th Cir.1991), a sister circuit gave some guidance as to the standard that ought to be applied in a case nearly identical to the one before us. The defendant Townley was convicted of possession with the intent to distribute 27 grams of cocaine. The government, however, urged the court to sentence Townley for his alleged participation in a cocaine conspiracy involving nearly 6,000 grams of cocaine. Consideration of the 6,000 grams would have produced an 18 level increase in Townley’s base offense level and a 7-fold increase in the permissible sentencing range. Because the court found that the government had failed to satisfy even the lower preponderance standard, the question of whether a clear and convincing standard should apply was not decided. However, the court left little doubt that it believed a higher standard ought to apply to this kind of case.
Under [these] circumstances, due process conceivably could require more than a mere preponderance. At the very least, McMillan allows for the possibility that the preponderance standard the Court approved for garden variety sentencing determinations may fail to comport with due process where, as here, a sentence enhancement factor becomes a “tail which wags the dog of the substantive offense.”
Id. at 369 (citation omitted).
The Due Process Clause is designed to protect criminal defendants from the deprivation of their liberty without due process of law. As this case clearly establishes, quantity determinations under U.S.S.G. § 21D.l(c) pose as great a threat to that liberty as sentencing departures under 18 U.S.C. § 3553 and enhancements under U.S.S.G. § 1B1.3. The constitutional rights of criminal defendants should not and do not turn on such subtle sentencing distinctions. The Due Process Clause requires *1529 that something akin to the clear and convincing evidence standard be applied to establish any sentencing factor that will result in a sentence extremely disproportionate to the sentence of the offense of conviction. See U.S. v. Trujillo, 959 F.2d 1377, 1382 (7th Cir.1992) (stating that “due process demands increased scrutiny at sentencing” when there is an extreme “disparity between the sentence for the crime charged in the indictment and the sentence received by the defendant____”); see also U.S. v. Lam Kwong-Wah, 966 F.2d 682, 689 (D.C.Cir.1992) (recognizing that a higher burden of proof may be required in extraordinary circumstances, such as 22 level increase in the offense level of a defendant). Only then will the sentencing factor tail cease to wag the substantive offense dog.